**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ATAIN SPECIALTY INS. CO.<br><br>                    Plaintiff-Appellee,<br><br>  v.<br><br>LAKE LINDERO HOA, LORDON ENTERPRISES, INC. d/b/a LORDON MANAGEMENT,<br><br>                  Defendants-Appellants. | No.   21-55319<br><br>D.C. No. 2:19-cv-09824-DSF-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
For the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted January 12, 2022
Pasadena, California

Before: RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,[**] District
Judge.

A California homeowners association and its contracted management

company appeal the district court's grant of summary judgment in favor of its

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

liability insurance carrier, which sued for rescission of a non-profit organization liability insurance policy. Atain Specialty Insurance Company ("Atain") contends that the Lake Lindero Homeowners Association ("LLHOA") concealed facts in response to two questions on the application for the disputed insurance policy and asserts that those facts were material to its underwriting decision. Atain filed this suit seeking a release from any duty to defend or indemnify LLHOA in a state court breach of contract action filed by its former property management company after LLHOA's newly elected board terminated a property management contract with decades left to run. We affirm, though on different grounds.

1.      We review *de novo* the district court's grant of summary judgment, *see Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015), and we "may affirm based on any ground supported by the record." *Oyama v. Univ. of Hawaii*, 813 F.3d 850, 860 (9th Cir. 2015).[1] Therefore, we must determine, "viewing the evidence in the light most favorable to [LLHOA], the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

2.      In California, the "rule in insurance cases is that a material misrepresentation or concealment in an insurance application, whether intentional or unintentional,

---

[1] Unless otherwise specified, all internal quotation marks, alterations, emphases, elisions, and citations are omitted from all sources cited herein.

entitles the insurer to rescind the insurance policy *ab initio*." *W. Coast Life Ins. Co. v. Ward*, 132 Cal. App. 4th 181, 186–87 (2005); Cal. Ins. Code § 331. Concealment is defined as "[n]eglect[ing] to communicate that which a party knows, and ought to communicate." Cal. Ins. Code § 330.

Question 19 on the application for the disputed policy asked for disclosure of "any fact, circumstance or situation which may result in a claim against the Organization or any of its Directors . . . [or] Officers." LLHOA disclosed nothing in response. But there is no genuine dispute that on May 8, 2018, when a newly elected LLHOA board member completed the Atain application, there existed a situation that was likely to give rise to a claim against LLHOA. Specifically, the new LLHOA board president had run on a platform of terminating LLHOA's contract with its existing management company, and before the application was submitted the new board sent the management company at least eight notices alleging breach and threatening termination. LLHOA had also received a written warning from one of its resident members that he would "personally take legal action" against the Board if it terminated the management contract. These circumstances clearly presented risks that claims would be filed against LLHOA or its directors. It is irrelevant that these risks had not yet materialized; the question's purpose was to enable Atain to assess the risks it was underwriting. *See Williamson & Vollmer Eng'g, Inc. v. Sequoia Ins. Co.*, 64 Cal. App. 3d 261, 271-272 (1976). Nor can it be genuinely

disputed that the board members knew that termination of the management contract would likely lead LLHOA to be sued. If the board members were aware, so was LLHOA. *See* Cal. Civ. Code § 2332 (imputation of knowledge). Thus, LLHOA's nondisclosure of the likely contract termination thus amounted to a concealment.

3.      We also find that LLHOA's concealment in response to question 19 was material to Atain's decision to issue the policy. Under California law, the materiality of a concealment "is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries." Cal. Ins. Code § 334. While materiality may be decided as a matter of law where the issue is not subject to a genuine dispute of material fact, materiality may also be a factual question. *See Mitchell v. United Nat'l Ins. Co.*, 127 Cal. App. 4th 457, 475 (2005). "The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law." *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259, 1268 (2007). However, California courts have been equally clear that "a mere incorrect answer on an insurance application will [not] give rise to a defense of fraud, where the true facts, if known, would not have made the contract less desirable to the insurer." *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169, 181 (1988).

Here, a declaration filed by an Atain employee responsible for underwriting was the primary evidence regarding materiality. The declaration stated that Atain's underwriting guidelines would have led it not to have issued the policy, had LLHOA disclosed the possibility that a claim would be filed against it by the management company and by a homeowner if LLHOA terminated the management contract. It is well established that evidence for materiality on summary judgment may come from the declaration of an insurer's underwriter, but of course "the trier of fact is not required to believe the 'post mortem' testimony of an insurer's agents that insurance would have been refused had the true facts been disclosed." *Imperial Cas. & Indem. Co.*, 198 Cal. App. 3d at 181. Here, however, LLHOA's counsel was unable to identify during argument any evidence in the record controverting the materiality declaration in the relevant respect. Accordingly, we find no genuine dispute that LLHOA's concealment in response to question 19 was material to Atain's issuance of the policy.

Because we find no genuine dispute that LLHOA concealed, in response to question 19 on the application, material information about circumstances which might have resulted (and, in fact, did result) in a claim against it or its directors or officers, we conclude that Atain is entitled to rescission of the policy and has no further duty to defend or indemnify LLHOA in the underlying state court litigation. **AFFIRMED.**